IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CLEO W. JOHNSON and<br>JACQUELINE J. JOHNSON,<br><br>         Plaintiffs**,**<br><br>vs.<br><br>3M COMPANY<br>A Minnesota Corporation<br><br>A.W. CHESTERTON COMPANY<br>A Massachusetts Corporation<br><br>AIR & LIQUID SYSTEMS CORPORATION,<br>Successor by Merger to Buffalo Pumps, Inc.<br>A Pennsylvania Corporation<br><br>BAYER CROPSCIENCE, INC., as Successor in<br>Interest to Amchem Products, Inc.<br>A Delaware Corporation<br><br>CBS CORPORATION f/k/a Viacom, Inc.,<br>Successor by Merger to CBS Corporation f/k/a<br>Westinghouse Corporation<br>A Delaware Corporation<br><br>CRANE CO., individually and as Successor in<br>Interest to Chapman Valves and Chempump<br>A Delaware Corporation<br><br>DANIEL INTERNATIONAL CORPORATION<br>A South Carolina Corporation<br><br>FLUOR DANIEL, INC.<br>A California Corporation<br><br>FLUOR DANIEL SERVICES CORPORATION<br>A Delaware Corporation<br><br>FLOWSERVE CORPORATION, individually<br>and as successor to Duriron Co., Inc., and Durco<br>International Inc. | Civil Action No.  3:17-674-JFA<br><br>**PERSONAL INJURY**<br>(Maintenance Mechanic/Ironworker)<br>(Asbestosis)<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

FLOWSERVE CORPORATION, Individually and as successor in interest to BW/IP f/k/a Byron Jackson Pump Company
A Delaware Corporation

FMC CORPORATION, Individually And as Successor in Interest to Northern Pump Company
A Delaware Corporation

GENERAL ELECTRIC COMPANY
A New York Corporation

GOULDS PUMPS, INCORPORATED
A Delaware Corporation

GRINNELL LLC
A New Hampshire Corporation

IMO INDUSTRIES, INC.
A Delaware Corporation

INDUSTRIAL HOLDINGS CORPORATION f/k/a The Carborundum Company
A Delaware Corporation

INGERSOLL-RAND COMPANY
A New Jersey Corporation

ITT CORPORATION, f/k/a ITT Grinnell and ITT Corporation, individually and as successor to Bell & Gossett Pumps
An Indiana Corporation

JOHN CRANE, INC.
A Delaware Corporation

MCNALLY INDUSTRIES, INC., individually and as Successor in Interest to Northern Pump Company
A Delaware Corporation

METROPOLITAN LIFE INSURANCE COMPANY
A New York Corporation

MILTON ROY COMPANY
A Pennsylvania Corporation

MILWAUKEE VALVE COMPANY
A Wisconsin Corporation

THE NASH ENGINEERING COMPANY
A Connecticut Corporation

NELES-JAMESBURY, INC.
A Delaware Corporation

RILEY POWER, INC.
A Massachusetts Corporation

SPIRAX SARCO, INC.
A Delaware Corporation

STERLING FLUID SYSTEMS (USA) LLC
A Delaware Corporation

UNION CARBIDE CORPORATION
A New York Corporation

UNIROYAL, INC.
A New Jersey Corporation

VIKING PUMP, INC.
A Delaware Corporation

WARREN PUMPS, INC.
A Delaware Corporation

                       Defendants.
_____

      Now come Plaintiffs Cleo Wayne Johnson and Jacqueline Jean Johnson, citizens and residents of the State of South Carolina, and sue the Defendants, and allege as follows:

## **JURISDICTION**

      1.     That as is evidenced by the caption of the instant Complaint which is specifically incorporated herein, the defendants are foreign corporations who are amenable to jurisdiction in the Courts of South Carolina by virtue of their respective contacts with the State of South Carolina

and/or their respective conduct of substantial and/or systematic business in South Carolina which subjects them to the jurisdiction of the South Carolina Courts pursuant to the South Carolina Long Arm Statute, as well as the due process clause of the United States and South Carolina Constitutions.

Each defendant mines, manufactures, processes, imports, converts, compounds, supplies and/or retails substantial amounts of asbestos and asbestos-related materials/products which are or were sold, distributed and used in South Carolina.

Plaintiff was exposed to various asbestos-containing products while serving as a mechanic in the United States Navy on board numerous naval vessels, as an ironworker at Ken Kraft in Camden, South Carolina, and as a maintenance mechanic at E.I. DuPont in Camden, South Carolina.

That certain asbestos-containing products were manufactured at plant sites located within the State of South Carolina.

That asbestosis is a progressive, insidious disease and, on information and belief, such exposure in South Carolina contributed in part to Plaintiff's contraction of his asbestosis and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Additionally, federal enclave jurisdiction exists.

Venue of this action properly lies in this judicial district pursuant to 28 U.S.C. § 1391(a) as it is the judicial district in which a substantial part of the events or omissions giving rise to the claims alleged herein occurred.

**FOR A FIRST CAUSE OF ACTION**

2. Defendants, and each of them, are or at times relevant hereto, were miners, manufacturers, processors, importers, converters, compounders, suppliers and/or retailers of asbestos and asbestos-related materials, including asbestos-containing maritime materials.

3. The defendants, acting through their agents, servants, and/or employees cause and have caused in the past certain asbestos and asbestos-related materials to be placed in the stream of interstate commerce with the result that said asbestos and asbestos-related materials came into use by plaintiff.

4. Plaintiff was a maintenance mechanic, who for a long period of time, while serving in the United States Navy and while working at other industrial sites, worked with and was exposed to the asbestos and asbestos-related materials mined, manufactured, processed, imported,

converted, compounded, supplied, and/or sold by the defendants, the exposure being within the State of South Carolina.

5.  During the course and scope of his employment, plaintiff has been exposed to defendants' asbestos and asbestos-related materials, which exposure directly and proximately caused him to develop an illness known and designated as asbestosis and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

6.  The illness and disability of plaintiff are the direct and proximate result of the negligence, recklessness and willfulness of the defendants, jointly and severally, in that they produced, sold and otherwise put into the stream of interstate commerce, asbestos and asbestos-related materials which the defendants, and each of them, knew were deleterious, poisonous and highly harmful to plaintiff's body, lungs, respiratory system, skin and health.

7.  The illness and disability of plaintiff are the direct and proximate result of the negligence, recklessness, and willfulness of the defendants, jointly and severally, in that, even though the defendants knew, or, in the exercise of ordinary care, should have known, that the asbestos and asbestos-related materials were deleterious, poisonous and highly harmful to plaintiff's body, lungs, respiratory system, skin and health, and the defendants nonetheless:

(a) Failed to advise plaintiff of the dangerous characteristics of their asbestos and asbestos-related products;

(b) Failed or omitted to provide plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if, in truth, they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-related materials;

(c) Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos materials to warn the handlers thereof of the dangers to health in coming in contact with said asbestos and asbestos materials;

(d) Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos materials;

(e) Inadequately warned, if, in fact, they warned at all, persons such as plaintiff of the dangers to their health in coming in contact with and breathing said asbestos and asbestos-related materials, even after they knew of the dangers and cancer-causing effects and up until the present time;

(f) Did not recommend methods to improve the work environment;

(g) Did not develop alternative products;

5

(h) Continued to use a known cancer causing product, to wit: asbestos;

At all times relevant, it was feasible for defendants to have warned plaintiff, tested their asbestos products, designed safer asbestos products and/or substituted asbestos-free products.

As a result of the negligence, recklessness and willfulness, plaintiff has been damaged severely as is set forth below.

## FOR A SECOND CAUSE OF ACTION

8. Plaintiff repeats the allegations of the First Cause of Action where relevant.

9. That subsequent to the time the defendants caused the asbestos products to be sold and/or supplied and placed in buildings and on jobsites, the defendants knew, or in the exercise of ordinary care, should have known, that asbestos is deleterious, carcinogenic, and harmful to persons using buildings or on jobsites, but nevertheless, the defendants negligently and recklessly failed and refused to warn and advise plaintiff of the dangerous characteristics thereof, and the dangers to the health and welfare of persons coming in contact with and breathing products even until the present, despite their knowledge of the presence of their products in the buildings or on jobsites. That to the present, possessed with information uniquely available to them relating to the dangerous effects of continued asbestos exposure, the defendants have refused to provide that information to plaintiff, despite the defendants' knowledge that their asbestos has contaminated plaintiff's buildings and jobsites.

10. Plaintiff has furthermore suffered continuing and lingering injury to himself due to the defendants' asbestos fibers previously inhaled. Said fibers, once inhaled, cause repeated and continuing injury to plaintiff.

11. That as a proximate result of the aforesaid acts of the defendants, and the continued presence of asbestos products in buildings and on jobsites, plaintiff has been damaged as herein set forth.

## FOR A THIRD CAUSE OF ACTION

12. Plaintiff repeats the allegations of the First and Second Causes of Action where relevant.

13. The defendants, and each of them, impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

14. The implied warranty made by the defendants, and each of them, that the asbestos and asbestos-related materials were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous and deleterious matter was given

6

off into the atmosphere wherein plaintiff carried out his duties as a machinist mate and machinist working with asbestos and asbestos-related materials.

15.     As a direct and proximate result of the breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, plaintiff developed an illness, to-wit, asbestosis and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

### FOR A FOURTH CAUSE OF ACTION

16.     Plaintiff repeats the allegations of the First, Second, and Third Causes of Action where relevant.

17.     Plaintiff further alleges that at the time the defendants, and each of them sold and/or delivered the aforesaid asbestos and asbestos-related products and at the time said products were used by plaintiff in the manner and environment intended, they were in a defective condition and were unreasonably dangerous and unfit for their intended use in that they were deleterious, poisonous and highly harmful to plaintiff's body.

The above was the proximate cause of the severe damages sustained by plaintiff as hereinafter set forth.

### FOR A FIFTH CAUSE OF ACTION

18.     Plaintiff repeats and realleges the portions of the above paragraphs where relevant.

19.     That at various times from 1929 to the filing of this lawsuit, defendants had actual knowledge of the dangers to plaintiff of asbestos exposure, nevertheless, defendants deliberately, intentionally and purposefully withheld such information from plaintiff, thus denying plaintiff of the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations and avoiding further dust exposure, the specifics of defendants' intentional acts being as follows:

(a)     Failing to warn prior users of the need for monitoring due to prior asbestos exposure;

(b)     Never issued recall-type letters or notices to prior users;

(c)     Frustrated the publication of articles on the asbestos health hazards in the literature;

(d)     Top management officials of defendants rejected advice of other corporate officials to warn of the hazards of their asbestos products; such rejection by top management officials being motivated by the possibility of adverse effects on profits;

7

(e) Intentional inadequacy and delay of use of warnings on asbestos products;

(f) Failed to advise plaintiff of medical findings known to defendants concerning the dangers of asbestos exposure;

(g) Suppressed the dissemination of information to plaintiff concerning the hazards of asbestos exposure.

20. The foregoing deliberate, intentional and purposeful acts of the defendants were the direct and proximate cause of plaintiff's injuries and damages hereinafter described, and plaintiff is, therefore, entitled to compensation and punitive damages.

## FOR A SIXTH CAUSE OF ACTION

21. Plaintiff repeats and realleges the portions of the above paragraphs where relevant.

22. That during, before and after plaintiff's exposure to asbestos products manufactured by defendants, the defendants falsely represented facts, including the dangers of asbestos exposure to plaintiff in the particulars alleged in the paragraphs above, while defendants each had actual knowledge of said dangers of asbestos exposure to persons such as plaintiff. And while defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

23. The foregoing representations were material conditions precedent to plaintiff's continued exposure to asbestos-containing products and defendants each intended that plaintiff act upon the representations by continuing his exposure to the asbestos products. Plaintiff was ignorant of the falsity of defendants' representations and rightfully relied upon the representations.

24. As a direct and proximate result of plaintiff's reliance upon defendants' false representations, plaintiff has suffered injury and damages hereinafter described.

## FOR A SEVENTH CAUSE OF ACTION

25. Plaintiff repeats and realleges the portions of the above causes of action which are relevant.

26. The defendants had a post-sale duty to warn, which duty was breached and, as a result, plaintiff suffered injury and damages as hereinafter described.

## DAMAGES

27. As a result of the development of asbestosis and other industrial dust diseases caused by breathing defendants' asbestos-containing products, plaintiff has suffered and sustained very serious injuries to his person requiring medical treatment.

28. Plaintiff has further suffered great pain, extreme nervousness and mental anguish as a direct result of the aforesaid injuries.

29. Plaintiff verily believes that his injuries and illnesses are permanent in nature and that he will be forced to suffer same for the remainder of his life, that his enjoyment of life has been greatly impaired and, further, that his expected life span has been greatly shortened.

30. Plaintiff alleges that as a result of the aforesaid illnesses, he has been forced to incur large amounts of medical expenses by way of doctor and drug bills and verily believes that he will be forced to incur additional expenses in an effort to treat his illnesses as aforesaid, all to plaintiff's damages, compensatory and punitive in amounts to be determined by the trier of fact.

WHEREFORE, plaintiffs pray judgment, joint and several, against the defendants for compensatory and punitive damages in amounts to be determined by the trier of fact, and the costs of this action.

## FOR AN EIGHTH CAUSE OF ACTION
## (CONSORTIUM)

31. Plaintiff repeats the allegations of the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action where relevant.

As a direct and proximate result of the injuries and damages complained of herein with respect to plaintiff Cleo W. Johnson, and as a direct and proximate result of the acts and omissions of the defendants, plaintiff Jacqueline J. Johnson has also suffered and will continue to suffer loss of the consortium, society, companionship, fellowship and other valuable services of her husband.

## DAMAGES

WHEREFORE, plaintiff Jacqueline J. Johnson verily believes that she is entitled to actual damages against the defendants, jointly and severally, by reason of said loss of consortium and society, proximately caused by the fault of the defendants, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

## PRAYER

WHEREFORE, Plaintiffs Cleo W. Johnson and Jacqueline J. Johnson seek a trial by jury and judgment against all defendants, jointly and severally, for actual, compensatory, punitive damages and all other allowable damages in amounts to be determined by the trier of fact, and costs.

*Please see following page for Attorney signature*

MOTLEY RICE LLC

*/s/ W. Christopher Swett*
W. Christopher Swett (Fed Bar #11177)
28 Bridgeside Blvd.
PO Box 650001
Mt. Pleasant, SC 29464
Tel: (843) 216-9000
Fax: 843-216-9450
cswett@motleyrice.com

ATTORNEY FOR PLAINTIFFS

March 10, 2017
Mount Pleasant, South Carolina